KIRK D. MILLER, WSBA #40025
421 W. Riverside Avenue
Suite 660
Spokane, WA 99201
(509)413-1494 Telephone
(509)413-1724 Facsimile

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

RYAN DALEY, and all others similarly situated,

    Plaintiffs,

vs.

ENCORE CAPITAL GROUP, INC.;
MIDLAND FUNDING, LLC;
MIDLAND CREDIT MANAGEMENT, INC.;

    Defendants.

Case No.:

COMPLAINT – CLASS ACTION

JURY DEMANDED

## I.  INTRODUCTION

Plaintiff Ryan Daley (hereinafter, "Plaintiff"), a Washington resident, brings this class action complaint by and through his undersigned counsel, against Defendants Encore Capital Group, Inc.; Midland Funding, LLC; Midland Credit Management, Inc. (hereinafter collectively "Defendant" or "Encore Defendants"),

CLASS ACTION COMPLAINT - 1

individually and on behalf of a class of all others similarly situated, pursuant to Rule 23 of the Federal Rules of Civil Procedure.

## II. JURISICTION AND VENUE

2.1  The Court has jurisdiction over this class action under 28 U.S.C. § 2201. If applicable, the Court also has pendent jurisdiction over the state law claims in this action pursuant to 28 U.S.C. § 1367(a).

2.2  Venue is proper in this judicial district pursuant to 28 U.S.C. § 1291(b)(2).

## III. NATURE OF THE ACTION

3.1  Plaintiff brings this class action for damages for Defendant's actions of using an unfair and unconscionable means to collect a debt.

3.2  Defendant's actions violated § 1692 et seq. of Title 15 of the United States Code, commonly referred to as the Fair Debt Collection Practices Act ("FDCPA") which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

3.3  Plaintiff is seeking damages, declaratory and injunctive relief.

## IV.   PARTIES

4.1  Plaintiff is a natural person and a resident of the Washington State, and is a "Consumer" as defined by 15 U.S.C § 1692(a)(3).

CLASS ACTION COMPLAINT - 2

4.2   Midland Funding, LLC is owned 100% by Midland Portfolio Services, Inc. Midland Portfolio Services, Inc. is owned by Midland Credit Management, Inc. Midland Credit Management, Inc. (MCMI) is owned by Encore Capital Group, Inc. Encore Capital Group, Inc. is a publicly held corporation that trades on the NASDAQ under the symbol "ECPG."

4.3   All of these entities including Defendants Encore Capital, Midland Funding and MCMI share the same headquarters address of 8875 Aero Drive, Suite 200, San Diego, CA 92123.

4.4   Defendant Encore Capital files quarterly 10-Q reports with the Securities Exchange Commission ("SEC"). Defendants Midland Funding and MCMI's financial information and other required disclosures are not separately identified but rather are subsumed in the disclosures made by Encore Capital Group, Inc. and are identified to the SEC together with Encore Capital collectively as "The Company."

4.5   Defendants Encore Capital, Midland Funding and MCMI are "debt collectors", as defined by 15 U.S.C. § 1692a(6).

4.6   All acts done by Defendant Encore Capital were done on their own behalf and on the behalf of Midland Funding and MCMI.

CLASS ACTION COMPLAINT - 3

4.7 All acts done by Defendant Midland Funding were done on their own behalf and on the behalf of Encore Capital and MCMI.

4.8 All acts done by Defendant MCMI were done on their own behalf and on behalf of Defendant Encore Capital and Midland Funding.

4.9 Defendant Encore Capital is a Delaware corporation engaged in the business of collecting debts in the Washington State.

4.10 Defendant MCMI is a Kansas corporation engaged in the business of collecting debts in the Washington State.

4.11 Defendant Midland Funding is a Delaware limited liability corporation engaged in the business of collecting debts within the Washington State.

## V. CLASS ACTION ALLEGATIONS

5.1 Plaintiff brings this claim on behalf of the following classes, pursuant to Fed. R. Civ. P. 23(a) and 23(b)(3).

5.2 The Class consists of:

    (a) all individuals with addresses in Washington State (b) to whom Defendant sent a collection letter in an attempt to collect a debt (c) which offers a payment plan to pay a time barred debt (d) which fails to notify the consumer that by making partial

CLASS ACTION COMPLAINT - 4

payment they may be restarting the statute of limitations (e) which letter was sent on or after a date one year prior to the filing of this action, and the date that this action is certified by the Court as a class action.

5.3 The identities of all class members are readily ascertainable from the records of Defendants and those companies and entities on whose behalf they attempt to collect and/or have purchased debts.

5.4 Excluded from the Class are the Defendants and all officers, members, partners, managers, directors, and employees of the Defendants and their respective immediate families, and legal counsel for all parties to this action and all members of their immediate families.

5.5 There are questions of law and fact common to the Class, which common issues predominate over any issues involving only individual class members. The principal issue is whether the Defendant's written communications to consumers, in the form attached hereto as **Exhibit A**, violate 15 U.S.C §§ 1692e.

5.6 The Plaintiff's claims are typical of the class members, as all are based upon the same facts and legal theories.

CLASS ACTION COMPLAINT - 5

5.7  The Plaintiff will fairly and adequately protect the interests of the Class defined in the complaint. The Plaintiff has retained counsel with experience in handling consumer lawsuits, complex legal issues, and class actions, and neither the Plaintiff nor their attorney have any interests, which might cause them not to vigorously pursue this action.

5.8  This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure because there is a well-defined community interest in the litigation:

 (a) **Numerosity:** The class defined above is so numerous that joinder of all members would be impractical.

 (b) **Common Questions Predominate:** Common questions of law and fact exist as to all members of the Class and those questions predominate over any questions or issues involving only individual class members. The principal issue is whether the Defendant's written communications to consumers, in the form attached hereto as **Exhibit A**, violate 15 U.S.C §§ 1692e.

 (c) **Typicality:** The Plaintiff's claims are typical of the claims of the class members. The Plaintiff and all members of the Plaintiff

CLASS ACTION COMPLAINT - 6

Class have claims arising out of the Defendants' common uniform course of conduct complained of herein.

(d) **Adequacy:** The Plaintiff will fairly and adequately protect the interests of the class members insofar as Plaintiff has no interests that are averse to the absent class members. The Plaintiff is committed to vigorously litigating this matter. Plaintiff has also retained counsel experienced in handling consumer lawsuits, complex legal issues, and class actions. Neither the Plaintiffs nor their counsel have any interests which might cause them not to vigorously pursue the instant class action lawsuit.

(e) **Superiority:** A class action is superior to the other available means for the fair and efficient adjudication of this controversy because individual joinder of all members would be impracticable. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum efficiently and without unnecessary duplication of effort and expense that individual's actions would engender.

5.9 Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that the questions of law and fact

CLASS ACTION COMPLAINT - 7

common to members of the Class predominate over any questions affecting an individual member, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

5.10 Depending on the outcome of further investigation and discovery, Plaintiffs may at the time of class certification motion, seek to certify a class only as to particular issues pursuant to Fed. R. Civ. P. 23(c)(4).

## VI. ALLEGATIONS OF FACT

6.1 Sometime prior to July 2011, Plaintiff allegedly incurred an obligation to Credit One Bank.

6.2 The Credit One Bank obligation arose out of a transaction in which money, property, insurance or services, which are the subject of the transaction, are primarily for personal, family, or household purposes.

6.3 The alleged Credit One Bank obligation is a "debt" as defined by 15 U.S.C. § 1692a(5).

6.4 Sometime after July 2011, Plaintiff's Credit One Bank debt was sold to Defendant Midland Funding.

6.5 On or about July 5, 2017, Defendant cause to be delivered to Plaintiff a collection letter in an attempt to collect the alleged debt See **Exhibit A**.

CLASS ACTION COMPLAINT - 8

6.6  The letter was sent or caused to be sent by persons employed by Defendants.

6.7  The letter is a "communication" as defined by 15 U.S.C. §1692a(2).

6.8  The July 5, 2017 letter offered the Plaintiff a number of payment options, one of which offered an 'Installment Option" for the Plaintiff to pay off his entire alleged debt over the course of a number of months.

6.9  As of July 5, 2017, more than six (6) years had elapsed since the last payment or charge on the Credit One Bank debt subject to the letter.

6.10 The statute of limitations is six (6) years for filing suit to collect on a Credit One Bank debt.

6.11 The July 5, 2017 letter states, "The law limits how long you can be sued on a debt. Because of the age of your debt, we will not sue you for it."

6.12 The Defendant fails to inform the Plaintiff that should he choose one of the payment plans offered it may restart the statute of limitations, which may expose the Plaintiff to future litigation for this debt.

6.13 The Defendant does not inform Plaintiff that should the statute of limitations reset, the Defendant may have the right to commence legal action, which would otherwise have been barred.

CLASS ACTION COMPLAINT - 9

6.14 The Defendant regularly sends letters seeking to collect debts, which are time-barred, that offer small monthly installment plans in payment of the entire debt, informing the consumer that he or he will not be sued due to the age of the debt; but not informing the consumer that the statute of limitations may restart if a partial payment is made on the debt, therefore allowing the Defendant the option of commencing legal action, which otherwise would be barred by the statute of limitations.

6.15 The Federal Trade Commission has determined that "Most consumers do not know their legal rights with respect to collection of old debts past the statute of limitations … when a collector tells a consumer that he owes money and demands payment, it may create the misleading impression that the collector can sue the consumer in court to collect that debt." (See http://www.ftc.gov/opa/2012/01/asset.shtm)

6.16 In early 2012, the FTC entered into a consent decree with Asset Acceptance, one of the largest debt buyers in the Unites States, requiring it to disclose to consumers when it is attempting to collect debts that are barred by the statute of limitations. *United States of America (For the Federal Trade Commison) v. Asset Acceptance, LLC,* Case No. 8:12-cv-182-T-27EAJ (M.D.Fla.).

CLASS ACTION COMPLAINT - 10

6.17 On October 1, 2012, the Consumer Financial Protection Bureau (which has taken over much of the FTC's enforcement responsibility and has been granted rule-making authority with respect to debt collection), the Federal Deposit Insurance Corporation, the Federal Reserve Board, and the Office of the Comptroller of the Currency entered into consent orders with three American Express-related entities requiring disclosure that debts they attempt to collect were time-barred. The October 1, 2012 orders further require disclosure of "all material conditions, benefits and restrictions concerning any offer of settlement…" (2012-CFPB-0002, p. 7 of 35, 2012-CFPB-0003, p. 6 of 28). Thus, they recognize that "settlement offers" that fail to disclose material information may be misleading.

6.18  The Seventh Circuit recently found as to another debt collector engaging in nearly identical conduct that "First, the letter does not even hint, let alone make clear to the recipient, that if he makes a partial payment or even just a promise to make a partial payment, he risks loss of the otherwise ironclad protection of the statute of limitations. Second, the letter did not make clear to the recipient that the law prohibits the collector from suing to collect this old debt. Either is

CLASS ACTION COMPLAINT - 11

sufficient reason to affirm summary judgment for the plaintiff." *Pantoja v. Portfolio Recovery Associates,* Case No. 15-1567 (7th Cir. March 29, 2017).

6.19  Defendant could have taken the steps necessary to bring its actions within compliance with the FDCPA, but neglected to do so and failed to adequately review its actions to ensure compliance with the law.

## VII.  FIRST CAUSE OF ACTION

Violations of the Fair Debt Collection Practices Act
15 U.S.C §1692e *et seq.*

7.1  Plaintiff repeats, reiterates, and incorporates the allegations contained in the paragraphs above herein with the same force and effect as if the same were set forth at length herein.

7.2  Defendants' debt collection efforts attempted and/or directed towards Plaintiff violated section 15 U.S.C. § 1692e of the FDCPA.

7.3  Section 15 U.S.C. §1692e states that a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.

7.4  The Defendants violated 15 U.S.C. §1692e(2)(A) by falsely representing the legal status of the debt.

CLASS ACTION COMPLAINT - 12

7.5 Defendant violated 15 U.S.C §1692e(10) by using false representations and/or deceptive means to collect or attempt to collect a debt.

7.6 By reason thereof, Defendants are liable to Plaintiff for judgment that Defendants' conduct violated §1692e et seq. of the FDCPA, actual damages, statutory damages, costs and attorney's fees.

## VIII. PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands judgment against Defendants as follows:

8.1 Declaring that this action is properly maintainable as a Class action and certifying Plaintiff as Class representative and Kirk D. Miller as Class Counsel;

8.2 Awarding Plaintiff and the Class statutory damages;

8.3 Awarding Plaintiff costs of this Action, including reasonable attorney's fees and expenses; and

8.4 Awarding Plaintiff and the Class such other and further relief as the Court may deem just and proper.

///

///

///

///

CLASS ACTION COMPLAINT - 13

DATED this 14th day of November, 2017.

*Kirk D. Miller P.S.*

/s Kirk D. Miller
Kirk D. Miller, WSBA #40025
Attorney for Plaintiff

CLASS ACTION COMPLAINT - 14